Lee Anna CLICK, Appellant,

v.

Louis P. SUTTON, Executor, et al.,
Appellee.

No. 14736.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 5, 1969.

Rehearing Denied March 5, 1969.

C. H. Gilmer, Rocksprings, for appellant.

Joseph F. Leonard, Jr., Kerrville, for appellee.

BARROW, Chief Justice.

This is an appeal by a contestant, from a judgment rendered on an instructed verdict in her suit to set aside the probate of a will. S. P. Sutton, testator, died on September 9, 1963, survived by his widow and nine adult children. On October 14, 1963, appellee Louis P. Sutton, a son, filed application to probate a will executed by testator on July 12, 1963, which will named Louis P. Sutton as independent executor and conveyed the entire estate to Louis and his brother, Jim W. Sutton, the other appellee herein. This will was admitted to probate and Louis P. Sutton qualified as independent executor on October 28, 1963.

On October 1, 1964, this suit was filed by Dorothy Evans and four other daughters of testator, to set aside the probate of this will. While the suit was pending, Dorothy Evans died, and was survived by her husband, four adult and five minor children. Her husband disclaimed all his interest in the estate and a guardian ad litem was appointed to represent the minor children. Before the case went to trial, three of the adult children of testator dropped out of the suit, leaving only appellant, Lee Anna Click, and the guardian ad litem of the five minor children of Dorothy Evans as contestants. Only Lee Anna Click has prosecuted this appeal and is referred to hereinafter as appellant.

Appellant asserts ten points of error. Three of these points relate to the refusal of the trial court to admit evidence regarding the execution of a deed by Mrs. Fannie Sutton, widow of testator, on November 29, 1963, whereby her community interest in property she and testator owned was conveyed to appellees, Louis and Jim Sutton. In two related points appellant complains of the refusal to grant leave to file a trial amendment to assert fraud in the execution of the will, and of the refusal to admit the terms of Mrs. Fannie Sutton's will which was executed on the same occasion as the will in question. Appellant also complains of the exclusion of evidence regarding a contract to sell the ranch in 1943, and of the form of questions directed to a witness to the will regarding testator's mental capacity. The other three points relate to the asserted error in granting the instructed verdict.

S. P. Sutton and wife, Fannie, owned as community property an 843½-acre ranch in Bandera County where they made their home for over forty years prior to his death, and reared their family which consisted of seven daughters and two sons. They also owned two town lots in Bandera and some personal property. The daughters were all married except appellant and Vivian Neal, and these two had apparently been married. One son, Jim, lived in Val Verde County, Texas, and the other, Louis, was single and had lived on the ranch with his parents for at least the last twenty years of testator's life. There is very little testimony in the record relating to the relationship between the members of this family, but apparently it was amicable, at least prior to the death of Mr. Sutton.

The will, although drawn by an attorney, is somewhat unusual in that the second

paragraph thereof conveys all of testator's property, real, personal or mixed to his sons, Louis and Jim Sutton. Paragraph three expressly disinherits his daughter Vivian because of prior provisions made to her. Paragraph four then conveys the rest and residue of testator's estate to his other eight children, including Louis and Jim, but excluding Vivian. The will is unnatural in the sense that it favors the two sons over the six daughters mentioned in paragraph four. Testator had advised one daughter, shortly before his death, that he was going to leave her a "nest egg."

■ There is no evidence in the record to show a lack of testamentary capacity by testator. Although he was nearly 83 years of age at the time of his death, the uncontradicted evidence is that he was very active, both physically and mentally until stricken on the day of his death. Most of this testimony came from appellant's own witnesses, one of whom described testator as a very strong-willed person. He was in active operation of the ranch, together with his son Louis at the time of his death, and there is not even an inference that he was not in possession of all his mental faculties. Since this contest was filed to set aside the will after it had been admitted to probate, the burden of proof was upon contestant to prove the want of testamentary capacity. Reversible error is not shown in the form of the questions to the witness Mrs. Price.

The will was executed on July 12, 1963, in the office of Sam L. Darden, Esq., of Bandera. Present at the time of its execution were Mrs. Sutton, Mr. Darden and his secretary, Mrs. Pansy Price. The latter two witnessed the will and testified as to the mental competency of Mr. Sutton at the time the will was executed. Neither Mr. nor Mrs. Sutton drove a car and they were driven by Louis from the ranch to Mr. Darden's office on the three occasions relating to the execution of the will. Both Mr. Darden and his secretary testified that Louis took no part in the discussion regarding preparation of these wills although he was nearby in an adjoining room.

Mrs. Sutton did not testify at this trial, although she was in a position to know all the details relating to the preparation and execution of the will. Appellant complains of the exclusion of the terms of Mrs. Sutton's will which was executed on the same occasion as that of testator. By bill of exception, it was shown by Mrs. Price that Mrs. Sutton said she wanted to give her property to the daughters and her will of July 12, 1963, so provided. Appellant also complains of the exclusion of a deed prepared by Mr. Darden and executed by Mrs. Sutton on November 29, 1963, whereby she conveyed all her community interest in the property she had owned with her late husband, to appellees, Louis and Jim Sutton. Contrary to the contention in appellant's second point, the trial court overruled Mr. Darden's claim of privileged communication and permitted appellant to question him for the purpose of a bill of exception to show preparation of said deed by Mr. Darden and its execution by Mrs. Sutton.

■ The trial court did not err in excluding this evidence. We can see no relevancy of evidence as to the execution of this instrument in November, 1963, to the question here of whether Louis had exercised undue influence on Mr. Sutton prior to July 12, 1963, in the execution of his will. There is evidence that subsequent to the death of Mr. Sutton, a disagreement developed, for some undisclosed reason, between Louis and appellant in the presence of Mrs. Sutton, and as a result of same appellant was ordered off the premises by Louis. There is also evidence that this contest, although not filed at the time, had been started by one or more of the daughters. These changed circumstances in the family situation illustrate the irrelevancy of the November deed to the issue in the case regarding the execution of testator's will some five months previously.

■ There was no reversible error in the exclusion of the testimony regarding

the terms of Mrs. Sutton's will. Such testimony sets forth a testamentary plan which would explain testator's giving his daughters only a residuary interest under his will. Although such testimony might have some relevancy if an attack should be made on the deed of November, 1963, we can see no relevancy to the question of undue influence on Mr. Sutton. After the trial court excluded testimony regarding execution of the deed by Mrs. Sutton, appellant sought leave to file a trial amendment alleging fraud in the execution of the will. Leave was denied and there is no trial amendment tendered for the record. However, there is a bill of exception setting forth statements made by appellant's counsel at the hearing outside the presence of the jury, wherein counsel stated what he wanted to allege. From same it is apparent that the proposed matters were properly raised under appellant's pleading of undue influence and lack of testamentary capacity. Certainly, the unusual provisions of this will as drafted by testator's attorney would not in themselves raise an issue of fraud. The trial court did agree to reconsider a tender of the trial amendment, should subsequent evidence justify same, but there was no reoffer by appellant.

The crucial question on this appeal is whether there is sufficient evidence to raise a fact issue of undue influence. In Bell v. Kins, 428 S.W.2d 158 (1968, writ ref'd n. r. e.), this Court recently reviewed the general rules applicable to such question. The cases all recognize that proof of undue influence by direct testimony is rarely possible and such proof usually must be and is rested in circumstantial evidence. In Rothermel v. Duncan, 369 S.W.2d 917 (Tex.Sup.1963), it was held that before a testament may be set aside for undue influence, the contestant must prove: (1) the existence and exertion of an influence; (2) the effective operation of such influence so as to subvert or overpower the mind of the testator at the time of execution of the testament; and (3) the execution of a testament which the maker thereof would not have executed but for such influence.

■■ Since the burden of proving undue influence is upon the contestant, it was necessary for appellant to introduce some tangible and satisfactory proof of the existence of each of the above stated elements of undue influence. While no two cases involving undue influence are alike, and each must stand or fall upon the legal sufficiency of the facts proved, courts usually look to evidence of infirmity of mind produced by age, ill health or other reasons, circumstances attending the execution of the instrument, opportunity for the exercise of influence that would destroy the exercise of free agency and an unnatural or unjust disposition by the instrument. See also Pearce v. Cross, 414 S.W.2d 457 (Tex.Sup. 1966); Curry v. Curry, 153 Tex. 421, 270 S.W.2d 208 (1954); Long v. Long, 133 Tex. 96, 125 S.W.2d 1034 (1939).

Appellant urges that the following evidence raises a fact issue. A friend of testator testified that two or three years before his death, Mr. Sutton had gone to Kerrville with her to see a doctor and also an attorney, and that sometime thereafter Mr. Sutton showed her a will which gave his half of the property to all his children. At this time Mr. Sutton was having trouble with someone at his home and was sleeping at his pool hall in Medina City. Appellant would have us infer that such trouble was with Louis and a part of the scheme of undue influence which was culminated on July 12, 1963. Such an inference is too remote and speculative to raise an issue of fact. Said will was never accounted for, and no effort shown to locate the Kerrville lawyer who purportedly drew same, nor was there any evidence of any trouble with Louis.

■ The only other testimony introduced by contestant or tendered by bill of exception related to an apparent disagreement between Louis and his father over whether the ranch should be sold. The first incident

occurred in 1943, and was properly excluded by the trial court as being too remote. Another incident occurred in 1961 when a neighbor approached Mr. Sutton about purchasing a part of Sutton's land. He testified that Louis advised his father that he didn't think they should sell it. The witness testified that there was no argument whatsoever between Louis and his father at this time. Mr. Sutton advised the witness that the place was not on the market, but if he ever decided to sell it, he would rather sell it to the witness than anyone else. Another incident occurred a year later when Mrs. Lovelace, who was a realtor, endeavored to sign a contract for sale of the place after Mr. and Mrs. Sutton had listed it with her with the stated intention of buying a smaller place. At the last minute Mr. Sutton backed out and stated, "I just can't take any more. I just can't take any more beating on this." Mrs. Lovelace testified that Louis was with his father privately for only a few moments, took no part in the discussion between Mr. Sutton, Mrs. Lovelace and the prospective purchaser, and rode off to work without any apparent disagreement with his father. These incidents show at most only a disagreement between Mr. Sutton, Mrs. Sutton and/or Louis over the desirability of selling the ranch. Certainly, this would be an agonizing decision for all of them after this place had been their home for so many years. In fact, Mrs. Lovelace testified Mr. Sutton had changed his mind about selling out in 1956 and also in 1959.

It is unfortunate that all the testimony relating to the actual execution of the will came from Mr. Darden and his secretary, in that Mr. Darden represented appellees in the probate of the will and is a co-counsel in this contest. However, there is no showing that Louis selected this attorney to draft the will, and in fact, Mr. Darden had never represented Louis prior to the execution of this will or on any other matter. There is no evidence that Louis took any part in the preparation of the will or ever discussed disposition of this property with his parents or anyone else. Considerable thought apparently went into the will in that after discussing same with the attorney on one visit, Mr. Sutton made a change in the will as first drafted and did not execute the will in question until his third visit to the attorney's office. There is no testimony of any statements by Louis, Mr. or Mrs. Sutton during or prior to this interval which would give even a suggestion of undue influence.

We cannot say that the fact that testator's daughters were given only residual interests in this estate is such an unnatural disposition of his estate so as to raise a fact issue of undue influence. Louis had lived and worked on this ranch for over twenty years. There was no evidence of any domination of Mr. Sutton by Louis. No unusual relationship was shown between Jim and his father. Even without the explanation of the testamentary plan of Mr. and Mrs. Sutton, as shown in the bill of exception relating to the will of Mrs. Sutton, the will of testator does not demonstrate that the will was so unnatural that it was likely the product of an undue influence.

We have carefully reviewed the record in this case under the "no evidence" test. From such review we conclude that there is no evidence more than a scintilla that testator's will was the product of an undue influence exercised over him by Louis and/or Jim Sutton. Rothermel v. Duncan, supra; Curry v. Curry, supra; Garza v. Garza, 390 S.W.2d 45 (Tex.Civ. App.—San Antonio 1965, writ ref'd n. r. e.). We therefore conclude the trial court did not err in granting an instructed verdict.

The judgment is affirmed.