Norma J. SHUGAR, Appellant,

v.

PAT WALKER FIGURE PERFECTION SALONS INTERNATIONAL et al., Appellees.

No. 4908.

Court of Civil Appeals of Texas, Eastland.

Sept. 2, 1976.

Rehearing Denied Sept. 23, 1976.

using the machine and that she relied on such misrepresentations to her detriment. Defendants filed a motion for summary judgment urging that they were entitled to judgment as a matter of law because "the subject exercise machine had caused no previous injuries to any person . . . and plaintiff misrepresented her physical condition to defendants." They asserted that such misrepresentation by plaintiff estopped her as a matter of law from asserting any claim against defendants.

The trial court granted defendants' motion for summary judgment. We reverse and remand.

Plaintiff was a participant in defendants' slenderizing program. While lying on the "machine" near the end of a second thirty-minute session, she started to feel faint and weak. The machine was in its final stages at that time, "when everything" was moving at one time and she did not know how to turn the machine off. She called out but no one heard her. She had to remain on the machine until it stopped automatically. Plaintiff stated in her deposition she was told by defendants' employee not to get off the machine while it was running because she could hurt herself. After the machine stopped, she got off and felt weak and dizzy. She went to the bathroom and discovered she was passing blood. Plaintiff then went directly to her doctor's office and was immediately placed in the hospital. It was then determined that plaintiff had kidney stones in her right kidney. This was the first time that she knew she had the condition.

Plaintiff described the machine as a "large couch type machine" with "a rod that you hold onto over your head" and "your feet are propped up on things that look like pedals of some sort." She further stated, "it has platforms in the center that move, and the pedal-like things go like a bicycle, and that rod is pulled." She added, "It pulls you back and forth, stretches you back and forth at the same time."

When plaintiff began her treatments, she signed a written instrument which provided in part:

Wm. B. (Ben) Adair, Byrnes, Myers, Adair, Campbell & Sinex, Houston, for appellant.

Roger B. Greenberg, Richie, Greenberg & Brackman, Houston, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Norma J. Shugar, sued defendants, Pat Walker Figure Perfection Salons International, Pat Walker, individually, and Vee-Ri-Tas Corp., alleging she was injured as a result of defendants' "vibrating/reducing" machine. Plaintiff alleged defendants were negligent in not providing her with accurate and true information as to the extent of the danger in using the machine, and the use of the machine proximately caused her injuries. She also pleaded that defendants fraudulently misrepresented material facts relative to the danger in

". . . I certify that I am not at the present time under any disability that would prevent my receiving such services. I am not being attended by any Physician for any ailment which would be aggravated by such treatment, nor have I been informed by any Physician not to take such treatment . . ."

Defendants argue that the court was correct in granting the summary judgment since defendants fully discharged their duty to make reasonable inquiry into plaintiff's health and physical condition before allowing her to begin the treatments, and defendants had no further duty to discover her preexisting kidney condition when such condition was not even known to plaintiff or her doctors.

Defendants cite *McKinley v. Slenderella Systems, Inc.*, 63 N.J.Super. 571, 165 A.2d 207 (1960) as authority in support of their position. It was there held that based on the evidence that Slenderella had given some 30 million treatments to "3–4 million women" who had represented themselves to be in good health and there had been not more than six claims, inquiring with respect to a patron's state of health was sufficient and Slenderella had no duty to investigate the patron's condition by a physical examination. The court expressly noted in that case that the plaintiff had the burden of establishing negligence and although there was an allegation that the machine involved was dangerous, there was no proof.

The *McKinley* case is distinguishable. In the instant case, the defendants as movants for summary judgment, had the burden of establishing as a matter of law there was no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex. 1970).

Norma J. Shugar did not allege that defendants were negligent in failing to require a physical examination as was urged in *McKinley*. She pleaded that defendants made false and material misrepresentations as to the use and safety of the machine, and also that defendants were negligent in fail-

ing to provide her with correct and accurate information as to the danger in using the machine. Plaintiff testified by deposition that she was told the machine was completely safe for people of all ages.

Defendants argue that Pat Walker's affidavit makes clear that "no injuries have occurred to any other person participating" in the program, and her affidavit is sufficient evidence that the "alleged false statement was, in fact, true." Pat Walker's affidavit states in part:

". . . No injuries have occurred to any other person participating in our exercise program and, in fact, we have been assured, and our experience with the machine reflects that the subject exercise machine is passive in nature, that is, it would not actively be the cause of such physical injuries."

Pat Walker is an interested party and her affidavit does no more than raise an issue of fact. The court in *Lewisville State Bank v. Blanton*, 525 S.W.2d 696 (Tex.1975) said:

". . . An affidavit by an interested party to a matter of which the adversaries have no knowledge or ready means of confirmation does no more than raise an issue of fact. The affidavit does not establish the facts conclusively, and it therefore will not support a summary judgment. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972); *Broussard v. Moon*, 431 S.W.2d 534 (Tex.1968); *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex. 1965)."

The judgment of the trial court is reversed and the cause remanded.