**Janet HUNTER and Edwin I. McKellar, Jr., Interested Person, Appellants,**

v.

**Harry G. PALMER and Richard Earle Palmer, Jr., Appellees.**

No. 01–98–00943–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 8, 1999.

Paul J. Smith, Edwin I. McKellar, Jr., Houston, for appellant.

W. Cameron McCulloch, Robert S. MacIntyre, Jr., Houston, for appellee.

Panel consists of Justices O'CONNOR,

TAFT, and PRICE.[1]

## OPINION

TIM TAFT, Justice.

This case involves a dispute among siblings concerning the probate of their mother's lost will. We address whether the trial court erred by granting summary judgment in favor of appellees, Harry G. Palmer and Richard Earle Palmer, Jr. (collectively "the sons"), based upon their having established that their mother presumptively revoked her will. We reverse and remand.

### Factual and Procedural History

On August 31, 1982, Ernaree H. Palmer ("decedent"), executed her last will and testament. On May 8, 1986, she executed a codicil to her will. Neither the will nor the codicil could be located after her death on June 25, 1997. The sons filed an application for letters of administration. Appellants Janet Hunter and Edwin I. McKellar, Jr., Interested Person (collectively "Janet"), objected to the sons' application for letters of administration and filed an application to probate decedent's lost will. The sons objected to Janet's application.

The sons filed a motion for summary judgment. They relied on the presumption that the decedent had revoked her will, based on evidence that the will and codicil were last seen in decedent's possession, and Janet's admission in her pleadings that the will could not be found after decedent died. The sons' motion also asserted there was no evidence that the decedent did not revoke her will. Based upon the substantive and procedural context of the proceedings, we will treat the sons' motion as an ordinary summary judgment motion filed pursuant to rule 166a(c) of the Texas Rules of Civil Procedure and not rule 166a(i).

In her response, Janet claimed the sons did not establish that the decedent's will and codicil were last seen in her possession or in a place to which she had ready access. The trial court granted the son's motion for summary judgment. Janet then filed a motion for new trial asking the trial court to set the summary judgment aside. The trial court denied Janet's motion for new trial.

### Summary Judgment

In her sole issue presented, Janet contends the trial court erred by granting summary judgment because her summary judgment evidence presented a genuine issue of material fact as to whether decedent was the last person seen in possession of her original will and codicil. As a subsidiary issue, Janet argues the trial court erred by refusing to set the summary judgment aside, in response to her motion for new trial.

### A. Standard of Review

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Phillips Natural Gas Co. v. Cardiff,* 823 S.W.2d 314, 317 (Tex.App.—Houston [1st Dist.] 1991, writ denied). When reviewing the summary judgment, we review all grounds the trial court rules on and the movant preserves for review that are necessary for the disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623 (1996). Further, when reviewing these grounds, we indulge every reasonable inference in favor of the nonmovant, assume all evidence favorable to the nonmovant is true, and resolve any doubts in the nonmovant's favor. *Randall's Food Mkts., Inc.,* 891 S.W.2d at 644.

### B. Probate of Lost Will

A proponent who seeks to probate a will must meet the requirements of proof in section 88 of the Probate Code. TEX. PROB.CODE ANN. § 88 (Vernon 1980). One of the elements the proponent must establish is that the testator did not revoke the will. TEX. PROB.CODE ANN. § 88(b)(3) (Vernon 1980).

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

The sons' motion for summary judgment attacked this element of Janet's claim.

 A legal presumption is a rule of law, statutory or judicial, by which the finding of a basic fact gives rise to the existence of the presumed fact, until the presumption is rebutted. *Trevino v. Atchison, Topeka & Santa Fe Ry. Co.,* 958 S.W.2d 204, 215 n. 7 (Tex.App.—Houston [14th Dist.] 1997, pet. denied). The sons based their motion for summary judgment on the following legal presumption: A decedent is presumed to have destroyed a validly executed will or codicil, with the intention of revoking it, if it was last seen in the decedent's possession or in a place where the decedent had ready access to it, and it cannot be found after the decedent's death. *Estate of Glover,* 744 S.W.2d 939, 940 (Tex.1988). To establish the presumption, the sons provided the following evidence of the basic facts necessary to give rise to the presumed fact that decedent revoked her will:

(1) During the deposition of the attorney who drafted decedent's will, the attorney testified that after decedent executed her will, she took possession of the original will;

(2) During the deposition of the attorney who drafted decedent's codicil, the attorney testified that after decedent executed her codicil, she probably took possession of the original codicil; and

(3) In Janet's application for probate of decedent's lost will, Janet judicially admitted that she had made diligent efforts to locate the original will and codicil, but was unable to do so.

In response to the sons' motion, Janet claimed there were a genuine issues of material fact as to whether decedent's will and codicil were last seen in her possession and whether decedent revoked her will. Janet also relied on deposition testimony of the attorney who executed decedent's codicil, who testified he remembered that decedent brought her original will to the location where she executed her codicil on May 8, 1986. But while the sons relied on this attorney's testimony that decedent *probably* took her original will and codicil with her after executing her codicil, Janet provided addi-tional testimony showing that the attorney did not remember whether decedent did, in fact, take the originals when she left.

We conclude that Janet's evidence was sufficient to raise a genuine issue of material fact as to whether decedent was the last person seen in possession of her original will and codicil. Therefore, the trial court erred by granting the sons' motion for summary judgment and by denying Janet's motion for new trial. Accordingly, we sustain Janet's sole issue presented.

### Conclusion

We reverse the judgment of the trial court and remand this case to the trial court for further proceedings.