**Lela J. BROWN, Appellant,**

v.

**BIG D TRANSPORTATION, INC. d/b/a Allied Taxi Service, Appellee.**

**No. 11–00–00351–CV.**

Court of Appeals of Texas, Eastland.

March 29, 2001.

Keith Cummiskey, Quilling, Selander, Cummiskey & Lownds, Dallas, for appellant.

Chuck Shiver, David L. Sargent, L. Kimberly Steele, Hermes Sargent Bates, Dallas, for appellee.

Panel consists of WRIGHT, J., and McCALL, J., and DICKENSON, S.J.*

### Opinion

BOB DICKENSON, Senior Justice (Assigned).

Lela J. Brown sued Big D Transportation, Inc. d/b/a Allied Taxi Service (Allied)

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

for personal injuries from an incident on October 30, 1996. Brown claims that she fell to the ground when the driver of her taxi drove off while she was getting out of the taxi.[1] Allied filed one motion for summary judgment, urging two different reasons that Brown should "take nothing" by her suit. First, Allied argues that there was "no evidence" that it was legally responsible for any negligence of the driver of the taxi.[2] Then, it argues that it was entitled to summary judgment because the summary judgment evidence establishes as a "matter of law" that it was not legally responsible for any negligence of the driver of the taxi.[3] The trial court granted "in its entirety" the "no-evidence" and the "matter of law" motion for summary judgment. We reverse and remand.

*The Issue Presented for Appellate Review*

Appellant states in her brief that the issue presented for appellate review is whether the trial court was correct in finding that there was no genuine issue of material fact and that Allied was entitled to summary judgment that Brown "take nothing" as a matter of law.

*The "No–Evidence" Summary Judgment*

■ This court discussed the appellate review of a "no-evidence" summary judgment in *Hight v. Dublin Veterinary Clinic,* 22 S.W.3d 614, 619 (Tex.App.—Eastland 2000, pet'n den'd), where we held that:

> [I]n reviewing a no-evidence summary judgment, we will not consider summary judgment evidence propounded by the movant and ... will accept as true evidence in favor of the non-movant, in-

dulging every reasonable inference and resolving all doubts in favor of the non-movant.

See also *Cianci v. M. Till, Inc.,* 34 S.W.3d 327, 329 (Tex.App.—Eastland 2000, no pet'n); *Isbell v. Ryan,* 983 S.W.2d 335, 338 (Tex.App.—Houston [14th Dist.] 1998, no pet'n); and *Moritz v. Bueche,* 980 S.W.2d 849, 853 (Tex.App.—San Antonio 1998, no pet'n).

Rule 166a(i) requires the trial court to grant a "no-evidence" motion for summary judgment *"unless the respondent produces summary judgment evidence raising a genuine issue of material fact."* (Emphasis added) Brown produced summary judgment evidence which includes the "Driver Agreement" between Allied and Kassa dated May 29, 1996, which provides in part:

> The DRIVER [Kassa] desires to operate a vehicle owned by or *operated under the control of the COMPANY [Allied]....* COMPANY AGREES to permit the DRIVER to conduct a taxicab service using the COMPANY'S trade name with a vehicle owned by or *operated under the control of the COMPANY.* (Emphasis added)

■ The recent case of *Rodriguez v. United Van Lines, Inc.,* 21 S.W.3d 382, 383 (Tex.App.—San Antonio 2000, pet'n den'd), notes that the "Branded Vehicle Doctrine" is recognized in Texas and that:

> [W]hen a vehicle displays the markings of an individual or a corporation, one may conclude that the named party is the owner of the vehicle and the driver is the agent for the named party.

The *Rodriguez* court also notes that, whether analyzed as a permissive infer-

---

1. The driver of the taxi, Kebede Kassa, was also sued; his motion for summary judgment (based upon the statute of limitations) was granted; and appellant does not challenge that ruling by the trial court.

2. Allied cites TEX.R.CIV.P. 166a(i) in support of this part of its motion for summary judgment.

3. Allied cites TEX.R.CIV.P. 166a(c) in support of this part of its motion for summary judgment.

ence or as a rebuttable presumption, it is not conclusive. In that case, there had been a trial on the merits, and the proof "effectively rebutted" the presumption; consequently, there was no evidence in support of plaintiff's claim that defendant was liable for the accident. In the case before us, there has been no trial on the merits. The presumption has not been rebutted because we cannot consider the summary judgment proof filed by Allied in ruling on the "no-evidence" summary judgment. The presumption has not been "conclusively overcome by clear, positive and undisputed evidence." See and compare *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763, 768 (1940), cited and followed in *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354, 357 (Tex.1971). The issue for appellate review is sustained insofar as it challenges the "no-evidence" summary judgment.

### The Traditional Summary Judgment

■ Allied cites terms in its "Driver Agreement" which provide that the driver was an independent contractor. That agreement also contains the provisions which are quoted above; those provisions are inconsistent with the provisions relied upon by Allied. Consequently, the agreement is not "clear" and "positive." Allied also relies upon the affidavit of Kourosh Hemyari which was attached to its motion for summary judgment. That affidavit reads in part as shown:

At the time of the accident made the basis of this lawsuit, October 30, 1996, driver Kebede Kassa, was an independent contractor pursuant to a Driver Service Agreement with Allied Taxi which was dated May 29, 1996.

Kebede Kassa owned the vehicle he used in his taxi operations. He was responsible for the payment of all maintenance, gas, and all other costs related to the operation of his business as a taxi operator.

Pursuant to the Driver Service Agreement, an independent contractor, such as Kassa, controlled the operation of his taxi. Allied Taxi provided a two-way radio and Allied Taxi decals for the taxi. The independent contractor paid a service fee to Allied on a periodic basis. Over the radio, Allied Taxi would announce the location of customers needing service and the nearest independent contractor would respond. Allied Taxi did not assign drivers to pickups. The decisions of whether to respond, how to respond and all other choices related to the control of the operation of the taxi were made by the independent contractor.

Kebede Kassa was not an agent, not an employee, and not a servant of Allied Taxi.

### Sufficiency of the Evidence

The affidavit by Hemyari is sufficient to raise a fact issue as to the matters quoted, but it. is not sufficient to conclusively establish those facts. Therefore, the Hemyari affidavit does not prove that the moving party is "entitled to judgment as a matter of law" on those issues. Rule 166a(c) requires the "uncontroverted" evidence of an interested witness to be "readily" controvertible. See and compare *Lewisville State Bank v. Blanton,* 525 S.W.2d 696 (Tex.1975), cited and followed by *Shugar v. Pat Walker Figure Perfection Salons International,* 541 S.W.2d 511, 513 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.). The issue for appellate review is sustained insofar as it challenges the traditional summary judgment.

### This Court's Ruling

The judgment of the trial court is reversed, and the cause is remanded.