In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-074 CV


____________________



IN THE ESTATE OF HAZEL H. BUTTS








On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 75730






OPINION



 This is an appeal from the granting of a summary judgment in a will contest. The
issue is whether the will of Hazel H. Butts was the result of undue influence. 

The Elements of Undue Influence


 To invalidate a will on the ground of undue influence, a contestant must establish:
1) the existence and exertion of an influence; 2) the effective operation of the influence so
as to subvert or overpower the mind of the testator; and 3) the execution of a testament
which the maker thereof would not have executed but for the influence. See Rothermel v.
Duncan, 369 S.W.2d 917, 922 (Tex. 1963). Essentially, undue influence is a form of
fraud; the term describes the wrongful use of influence, such as through force,
intimidation, duress, or deception, to cause the execution of a will which is contrary to the
testator's desire for the distribution of her property after death. Id. Not every influence
is undue influence; courts look to whether the free agency of the testator is destroyed and
a testament produced that expresses the will of the one exerting the influence. Id. 

 The burden of proving undue influence is upon the party contesting the will's
execution. See Rothermel, 369 S.W.2d at 922. The contestant must introduce some
tangible and satisfactory proof of the existence of each of the elements of undue influence. 
Id. If circumstantial evidence is used to establish undue influence, circumstances that are
as consistent with a will executed free from improper influence as they are with a will
resulting from undue influence cannot be considered as evidence of undue influence. See
Green v. Earnest, 840 S.W.2d 119, 121 (Tex. App.--El Paso 1992, writ denied). 
Evidence of an opportunity to exert influence is not enough. The evidence, direct or
circumstantial, "must show not only the presence of opportunity but that improper
influence was exerted at the time the will was made." Id. at 122. A will "executed under
the formalities required by law by one mentally capable of executing it should not be set
aside upon a bare suspicion of wrongdoing." Garza v. Garza, 390 S.W.2d 45, 46-47
(Tex. Civ. App.--San Antonio 1965, writ ref'd n.r.e.). 

The Summary Judgment


 Appellants ("contestants") are Michael K. Stephenson and Jeffrey L. Orr, as next
friend of Ashley D. Orr and Jonathan M. Orr, minors. They contest the Butts will (the
"December will"). They claimed that Butts lacked testamentary capacity (1) and that the will
was procured by the undue influence of Catherine Pointon (the named independent
executor under the December will), Evelyn Lee (a named beneficiary), and Deborah
Sample, (a friend and advisor of Butts). Stephenson sought admission to probate of an
earlier will executed by Butts (the "October will"), in which Stephenson was named
independent executor and beneficiary and the two minors received specific bequests. 

 The proponents of the December will filed a motion for summary judgment alleging
there is no evidence of undue influence. See Tex R. Civ. P. 166a(i). The motion, though
designated as a no-evidence motion, referred to summary judgment evidence. In response,
contestants argued there was sufficient evidence to create a fact issue that Evelyn Lee, a
beneficiary, and Deborah Sample, a friend and advisor to Butts, had exercised undue
influence. The court granted the motion for summary judgment. 

 Rule 166a(i) requires the trial court to grant a no-evidence motion for summary
judgment unless the respondents -- in this case the contestants of the December will --
produce summary judgment evidence raising a genuine issue of material fact. Tex. R.
Civ. P. 166a(i). See Brown v. Big D Transp., Inc., 45 S.W.3d 703, 705 (Tex. App.--Eastland 2001, no pet.). No evidence of wrongdoing constituting undue influence was
presented; as a matter of law movant was entitled to judgment. 

Background


 Contestants are relatives of Ruth Irons, a friend of Butts. Irons and Butts traveled
every year to Maine, where they lived during the summer months. Irons was diagnosed
in 1995 with terminal cancer. Irons and Butts orally agreed that the first to die would
leave the other her estate, and the survivor would leave the remainder of her estate to both
their relatives. Contestants do not argue this agreement was enforceable, but they do cite
the agreement as a basis for concluding the December will was a result of undue influence.

 Irons died in 1996 in Maine, and Butts came into possession of Irons' estate. Butts
was diagnosed in 1997 with terminal cancer. Attorney Scott Mann of Beaumont prepared
a will for her, which she executed on October 30, 1997 (the"October will"). Butts'
October will designated Stephenson, Irons' great-nephew, as the primary beneficiary,
named him as independent executor, and provided, among other things, specific monetary
bequests to Ashley and Jonathan Orr, also relatives of Irons. Believing she was near
death, Butts expressed a desire to go to Maine for her final days, because that is where
Irons passed away. At the time of Butts' departure for Maine, there were no apparent
problems between Butts and Stephenson. This situation changed during Butts' stay in
Maine. On December 17, 1997, Butts executed a new will that omitted contestants from
the will. Contestants claimed undue influence by three individuals: Catherine Pointon,
Evelyn Lee, and Deborah Sample. Catherine Pointon

 Catherine Pointon, a relative of Butts, was named as second successor executor in
the October 1997 will. Pointon had no significant contacts with Butts during Butts' final
days in Maine. Although contestants named Pointon in their pleadings, contestants'
response to the motion for summary judgment does not point to any evidence of any
exercise of undue influence by Catherine Pointon, nor does the response even mention her. 
In depositions, contestants admitted they have no evidence as to Pointon. The court
properly granted summary judgment on contestants' pleadings concerning Pointon. 

Evelyn Lee


 Butts contacted Evelyn Lee about staying with Butts during her last days. Lee took
care of Butts during that time. Lee became aware that Butts was critical of Stephenson
because he was harassing her on the phone about different things. Butts expressed her
desire to remove Stephenson from the will. Lee made arrangements for the execution of
the December 1997 will. Lee says she first became aware of her own status as a
beneficiary under the proposed new will when she, along with others, faxed information
regarding the proposed will to attorney Scott Mann. 

 While Lee may have had the opportunity to exercise influence, the record contains
no evidence of acts undertaken to fraudulently or unduly influence Butts. Mere
opportunity to influence is not sufficient to establish undue influence. Rothermel, 369
S.W.2d at 923. While it was shown that Lee arranged for a notary and witnesses for the
execution of the December will, the making of these arrangements is not proof of undue
influence. See Curry v. Curry, 153 Tex. 421, 424-26, 270 S.W.2d 208, 210-12 (Tex.
1954). Witnesses who had been present at the execution of the December will in Maine
testified that Butts was in possession of her faculties and understood what she was doing
at the time. Persons who had observed or talked to Butts around the time of the execution
of the December will testified she understood her actions and could not be influenced to
do something she did not want to do. Scott Mann, the attorney who prepared both the
October and December wills, testified that Butts articulated to him her reasons for wanting
to change the will. He spoke with her several times, and he had no concerns about her
having sufficient capacity to make the will. The court properly granted summary judgment
as to contestants' claims of undue influence by Lee.



Deborah Sample

 Contestants first amended petition alleges there was an exercise of undue influence
by Catherine Pointon and Evelyn Lee and those "acting in concert with them." Sample is
not mentioned by name. In contestants' response to the motion for summary judgment,
allegations of undue influence by Deborah Sample first appear; and in their brief to this
court contestants contend that Deborah Sample exercised undue influence over Butts. In
neither the response filed in the trial court nor in their brief to this court is there any
argument or allegation that Sample was acting "in concert" with Lee or Pointon. 

 Even if we interpret contestants' pleadings broadly to include Sample, there is no
evidence she benefitted from the December will. See Green, 840 S.W.2d at 122
(beneficiary status and motive as factors). Sample did write Butts a letter which was
critical of Stephenson's interference in Butts' affairs, but by itself the letter does not
constitute undue influence; Sample's letter is consistent with Sample's relationship as a
friend and advisor to Butts, and is equally consistent with a will executed free from
improper influence. See Rothermel, 369 S.W.2d at 922 (circumstances relied on as
establishing undue influence "must not be equally consistent with the absence of the
exercise of such influence."). The court properly granted summary judgment on any
claims of undue influence based on Sample's conduct. 

 The judgment of the trial court is affirmed.

 AFFIRMED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on January 9, 2003

Opinion Delivered March 27, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The allegations of Butts' lack of testamentary capacity have been abandoned by
contestants.