Reversed and Remanded and Memorandum Opinion filed November 23, 2005









Reversed and Remanded and Memorandum Opinion filed November 23, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00683-CV

____________

 

SHAWN PATTON, Appellant

 

V.

 

HARRIS COUNTY
COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT, Appellee

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 02-37476

 



 

M E M O R A N D U M   O P I N I O N

This appeal arises from a final judgment
dismissing Shawn Patton=s Texas Whistleblower Act claims against
Harris County Community Supervision and Corrections Department (AHCCSCD@).  The final judgment is based on HCCSCD=s plea to the
jurisdiction and motions for summary judgment. 
We reverse and remand.

 








HCCSCD provides supervision for Harris
County probationers pursuant to Chapter 76 of the Texas Government Code.[1]  It is managed by a board of judges trying
criminal cases in Harris County.  HCCSCD=s chief executive
officer at the relevant time was Nancy Platt, and Mike Enax was its deputy
director.  Patton managed ten community
supervision officers (ACSOs@) in HCCSCD=s south region and
reported to his branch director, Rogelio Perez. 
In November of 2001, HCCSCD reorganized, requiring Patton to review his
CSOs= cases.  Patton discovered and subsequently sent
approximately thirty problematic cases to one district court.  The judge of that court subsequently
contacted Platt and asked for an independent audit of cases supervised by the
south region.  Another district court
made a similar request.  These audits
revealed additional noncompliance issues and indicated that Patton had
neglected his supervisory duties.  In
early March of 2002, Perez spoke with Patton about his performance issues, and
Patton accepted responsibility for failing to monitor his CSOs.  Perez recommended, and Enax approved, a Level
II disciplinary action plan designed to address Patton=s work
deficiencies.  A date was set in June to
review Patton=s compliance with this plan.  Patton does not challenge the propriety of
Perez=s disciplinary
action.








Per the requirements of his disciplinary
plan, Patton audited his CSOs= caseloads again,
and again discovered problems.  One CSO
in particular failed to meet with two probationers for four months, and then
falsely reported those cases as being Adirectly@ supervised.[2]  Patton reported the problems to Perez and was
advised he should inform the court with jurisdiction over the cases.  On April 3, 2002, Patton informed the court=s liaison officer and
assistant district attorneys of the problems. 
Within a few days, the judge of that court asked Platt to remove Patton
and the CSO from her court team.  On
April 25th, the board of judges met with Platt and discussed their
dissatisfaction with the level of supervision at HCCSCD.  Platt held a meeting in the south region on
May 1st to discuss problems with casework performance, wherein Platt generally
stated that people would be held accountable. 
Patton was terminated immediately after the meeting.  The decision to fire Patton was made by Platt
and carried out by Enax.  Perez, Patton=s immediate
supervisor, was not a party to the decision and knew of no circumstances
justifying termination:  Patton was in
compliance with his supervisory duties and disciplinary plan when he was
fired.  Four months later, the board of
judges entered a Ano confidence@ vote in Platt=s performance, and
she resigned.

Patton filed suit against HCCSCD asserting
a violation of the Texas Whistleblower Act. 
Tex. Gov=t Code Ann. '' 554.001B010 (Vernon
2004).  Specifically, Patton alleged
Platt was already facing criticism about HCCSCD=s generally poor
level of supervision when Patton made his report, which increased the amount of
scrutiny Platt faced as HCCSCD=s chief executive
officer.  Patton alleges his termination
was a ploy by Platt to reassure the judges of her performance and thereby avoid
her own termination.  Patton argues that,
in his twenty-two years at HCCSCD, no supervisor has ever been fired because of
CSO performance problems.  HCCSCD filed a
plea to the jurisdiction, a no-evidence motion for summary judgment, and a
supplemental motion for summary judgment in response to Patton=s petition.  After considering each of these, the trial
judge issued a final judgment dismissing Patton=s Whistleblower
claims.  Patton appeals.

HCCSCD=s Plea to the
Jurisdiction








A plea to the jurisdictionCthat is, a
dilatory plea seeking to defeat a claim without regard to its meritsCmust be addressed
by a trial court before litigation may proceed. 
Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226 (Tex. 2004); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  Whether a court has subject
matter jurisdiction is a legal question, therefore, a plea to the jurisdiction
is reviewed de novo.  Harris
County v. Proler, 29 S.W.3d 646, 647 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  The trial court
must look to the plaintiff=s petition and
accept its allegations as true when deciding a plea to the jurisdiction.  Bland Indep. Sch. Dist., 34 S.W.3d at
555.  The court may also consider
evidence relevant to resolving jurisdictional issues.  Id. 
To prevail, the defense must show an incurable jurisdictional defect on
the face of the pleadings that deprives the trial court of subject matter
jurisdiction.  Brenham Hous. Auth.
v. Davies, 158 S.W.3d 53, 56 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).

 HCCSCD claims it is immune to this lawsuit
because Patton has not met the Texas Whistleblower Act=s clear procedural
prerequisites to filing suit.  Tex. Gov=t Code Ann. '' 554.002B006.  Specifically, HCCSCD argues Patton failed to
show he reported a violation of law in good faithCtwo essential
elements of a Whistleblower claim. 

The Texas Whistleblower Act: (1) creates a
cause of action, (2) sets procedural prerequisites for filing suit, and (3)
clearly waives sovereign immunity once these requirements are met.  Tex. S. Univ. v. Carter, 84 S.W.3d
787, 792 (Tex. App.CHouston [1st Dist.] 2002, no pet.).  There are two procedural prerequisites for
filing suit under this Act.  A petitioner
must: (1) file suit within the appropriate limitations period and (2) initiate
the employer=s grievance or appeal procedures before
commencing litigation.  Tex. Gov=t Code Ann. '' 554.005B006; Carter,
84 S.W.3d at 792 n.6.  Patton filed suit
within the appropriate limitations period. 
Patton also properly pled that there is no grievance or appeal procedure
for terminated employees of HCCSCD or Harris County, and HCCSCD nowhere alleges
there is such an administrative mechanism. 
Patton has, therefore, met the Whistleblower Act=s procedural
requirements, and we find that HCCSCD=s sovereign
immunity has been waived.[3]  The trial court erred to the extent it based
its final judgment upon HCCSCD=s plea to the
jurisdiction.








No-Evidence
Motions for Summary Judgment

HCCSCD argues in
its no-evidence motions for summary judgment that Patton has produced no
evidence to show he, in good faith, reported a violation of law, or that his
report caused his termination.[4]

The purpose of summary judgment is
to eliminate patently unmeritorious claims or untenable defenses; it is not
intended to deprive litigants of their right to a full hearing on the merits of
any real issue of fact.  Barrera v.
State, 130 S.W.3d 253, 261 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  A no-evidence
motion for summary judgment asserts that, after adequate time for discovery has
passed, there is legally insufficient evidence of one or more essential elements
on which the adverse party has the burden of proof at trial.  Tex.
R. Civ. P. 166a(i).  This motion
is properly granted if: (1) there is a complete absence of proof of a vital
fact, (2) rules of law or evidence bar the court from giving weight to the only
evidence of a vital fact, (3) evidence of a vital fact is no more than a
scintilla, or (4) evidence conclusively establishes the opposite of a vital
fact.  Alaniz v. Rebello Food &
Beverage, L.L.C., 165 S.W.3d 7, 12 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  More than a
scintilla of evidence exists if reasonable, fair‑minded people can differ
in their conclusions; less than a scintilla exists if the evidence creates only
the suspicion of a fact.  Proctor v.
White, 155 S.W.3d 438, 442 (Tex. App.CEl Paso 2004, pet.
denied).  We view the evidence in a light
most favorable to the non‑movant, disregarding all contrary evidence and
inferences.  Alaniz, 165 S.W.3d at
12. 

Good-Faith Report of a Violation of Law








The Texas Whistleblower Act provides, inter
alia, that no state or local governmental entity may fire a public employee
who, in good faith, reports another public employee=s violation of law
to an appropriate law enforcement agency. 
Tex. Gov=t Code Ann. ' 554.002(a).  AGood faith@ under the Texas
Whistleblower Act means: (1) the employee honestly believed the conduct
reported was a violation of law, and (2) the employee=s belief was
objectively reasonable in light of his training and experience.  Wichita County v. Hart, 917 S.W.2d
779, 784B86 (Tex.
1996).  The good-faith requirement
provides recourse for the well-meaning employee whose report did not amount to
an actual violation of law, or who did not report it to the appropriate
authorities.  See Tex. Dep=t of Transp. v.
Needham, 82 S.W.3d 314, 320 (Tex. 2002) (explaining employee can recover under
Whistleblower Act even if he did not report to appropriate law enforcement
agency as long as he had a good-faith belief he was reporting to the
appropriate authorities).  Therefore, as
long as Patton honestly believed he reported acts that violate a law that does,
indeed, exist, and that belief was objectively reasonable in light of his
experience, he need not have reported an actual violation of law.  Llanes v. Corpus Christi Indep. Sch. Dist.,
64 S.W.3d 638, 642B43 (Tex. App.CCorpus Christi
2001, pet. denied); City of Brenham v. Honerkamp, 950 S.W.2d 760, 763
(Tex. App.CAustin 1997, pet. denied).  The Texas Whistleblower Act defines law to
include Aa rule adopted
under a statute or ordinance,@ but does not
include violations of internal policies that are not promulgated pursuant to
statute.  Tex. Gov=t Code Ann. ' 554.001(1)(C); Ruiz v. City of San
Antonio, 966 S.W.2d 128, 131 (Tex. App.CSan Antonio 1998,
no pet.).

Patton filed an affidavit stating that he
discovered violations of the code of ethics for probation officers when one of
his CSOs failed to make contact with two probationers for four months and then
falsely reported these cases as being directly supervised.[5]









HCCSCD argues that the code of ethics is
not a Alaw@ under the
Whistleblower Act.  However, Patton pled
the CSO=s conduct violated
Chapter 76 of the Texas Government Code, which is clearly a law for
Whistleblower purposes.  This chapter
requires that every CSO Amust comply with a code of ethics
developed by the [Community Justice Assistance Division of the Texas Department
of Criminal Justice (CJAD)].@  Tex.
Gov=t Code Ann. ' 76.005 (Vernon 2005).[6]   The code of ethics requires, among other
things, that a CSO must provide accurate information to the court for which he
or she supervises probationers, and  must
Apromptly inform
the [c]ourt of any violation of or deviation from the [c]ourt=s instructions and
orders.@  Thus, there is a genuine issue of material
fact as to whether Patton reported a violation of the code of ethics, which
constituted a violation of law.








We next determine whether there is more than a scintilla of
evidence that Patton held a good-faith belief that he reported a violation of
law.  Generally, when reviewing
affidavits filed in opposition to summary judgment motions, the non-movant=s affidavit should
be accepted as true, and every reasonable inference should be drawn in favor of
the non-movant.  Bates v. Dallas Indep.
Sch. Dist., 952 S.W.2d 543, 552 (Tex. App.CDallas 1997, writ
denied).  Drawing every reasonable
inference in favor of Patton, we hold that Patton has produced more than a
scintilla of evidence as to his honest belief that a law was violated when his
CSO violated the code of ethics for probation officers.  We also find there is more than a scintilla
of evidence to show that Patton=s belief was
objectively reasonable in light of his training and experience because: (1)
Patton worked at HCCSCD for more than 22 years, (2) he supervised CSOs, (3) his
immediate supervisor testified at deposition that CSOs must comply with HCCSCD=s code of ethics
and court orders, (4) Patton received professional legal liability training and
read publications sent out by CJAD, and (5) he was aware that the department
could face liability if a CSO failed to properly supervise probationers (as is
required by the code of ethics).  There
is a genuine issue of material fact as to whether Patton=s belief was
objectively reasonable.  This is
especially true since the CSO=s conduct covered
up violations of a direct court order and prevented HCCSCD from knowing the
status of persons placed on probation. 
Accordingly, we hold there is sufficient summary judgment evidence that
Patton reported a violation of law in good faith.

Causation

HCCSCD also argues Patton produced no evidence of
causation.  A Whistleblower claimant must
show the employer took retaliatory action because of the employee=s report.  City of Fort Worth v. Zimlich, 29
S.W.3d 62, 67 (Tex. 2000).  Specifically,
HCCSCD contends Patton may not claim the statutory presumption establishing
causation, and that the whole of Patton=s circumstantial
evidence of causation amounts to no evidence at all.[7]

HCCSCD=s no-evidence motion
for summary judgment placed the burden of production on Patton to show legally
sufficient evidence to support his Whistleblower claim.[8]  Tex.
R. Civ. P. 166a(i).  Specifically,
Patton must provide proof that Platt would not have fired him when she did if
it were not for his report of illegal conduct. 
Patton is not required to show that his report was the Asole cause@ of his
termination.  Tex. Dept. of Human
Servs. v. Hinds, 904 S.W.2d 629, 636 (Tex. 1995).  Patton replied with evidence that he was
terminated within ninety days of his report, thereby raising a statutory
presumption of causation.  HCCSCD agrees
that Patton enjoys this presumption, but argues that it has Apresented ample
evidence@ to rebut the
presumption.








A presumption is a rule of law Aby which the
finding of a basic fact gives rise to the existence of the presumed fact, until
the presumption is rebutted.@  David Johnson, The Use of Presumptions in
Summary Judgment Procedure in Texas and Federal Courts, 54 Baylor L. Rev. 605, 607 (2002) (quoting
Hunter v. Palmer, 988 S.W.2d 471, 473 (Tex. App.CHouston [1st
Dist.] 1999, no pet.)).  In a traditional
motion for summary judgment, the movant has the burden of production and
persuasion to show no genuine issue of material fact as to an essential element
of the opposition=s claim or defense.  Barrera, 130 S.W.3d at 261.  In traditional motions, a movant mayCand indeed, mustCrebut a
presumption applicable to the opponent or else fail on the motion.  See Keck v. Nat=l Union Fire Ins.
Co.,
20 S.W.3d 692, 699 (Tex. 2000) (finding movant did not maintain its burden of
proof to show release agreement was fair and reasonable when it did not rebut
presumption of unfairness attaching to contracts between attorneys and their clients).  By filing only a no-evidence motion for
summary judgment, HCCSCD not only forced Patton to produce evidence of
causation, but also tied its own hands by precluding an evidentiary response to
Patton=s production.  See Stewart v. Transit Mix Concrete & Materials, Inc., 988 S.W.2d 252, 255 (Tex. App.CTexarkana 1998, pet. denied)
(reversing trial court=s grant of defendant=s no-evidence motion for summary
judgment when a fact issue remained as to whether plaintiffs were entitled to a
presumption of causation in a failure-to-warn case and stating that, to defeat
no-evidence motion, plaintiffs could either present evidence to support
causation or rely upon a presumption of causation).  The presumption of causation raised by Patton
would, in a trial on the merits, shift the burden to HCCSCD to produce
sufficient evidence to justify a contrary finding.  But HCCSCD cannot undertake this burden in
the context of a no-evidence motion for summary judgment.  A party may seek summary judgment on
no-evidence grounds Awithout presenting summary judgment
evidence.@  Tex. R. Civ. P. 166a(i).  HCCSCD may only point out essential elements
of Patton=s claim which lack sufficient proof to
survive.  Because HCCSCD cannot rebut the
presumption raised by Patton, the presumed fact of causation remains and HCCSCD
cannot prevail on this argument.[9]








Even if there were no presumption in this
case, we find Patton has produced more than a scintilla of evidence that, but
for his report, he would not have been fired when he was.  Circumstantial evidence is sufficient to show
a causal link between an employee=s discharge and that
employee=s report of
illegal activity.  Zimlich, 29
S.W.3d at 69.  Such evidence includes:
(1) knowledge of the report of illegal conduct, (2) expression of a negative
attitude toward the employee=s report, (3)
failure to adhere to established company policy on employment decisions, (4)
discriminatory treatment in comparison to similarly situated employees, and (5)
evidence that the reason for the adverse employment action was false.  Id. 
Patton showed: (1) a temporal connection between his report and
termination, (2) disparate treatment between himself and other similarly
situated employees, (3) and that Platt appeared to be addressing HCCSCD problems
by terminating Patton.  Viewing the
evidence in a light most favorable to Patton, we find there is more than a
scintilla of evidence to show causation under the Texas Whistleblower Act.  See City of Fort Worth v. Johnson, 105
S.W.3d 154, 168 (Tex. App.CWaco 2003, no
pet.) (finding legally sufficient circumstantial evidence to show causation
where only one similarly situated employee was treated differently than
plaintiff); see also Tomhave v. Oaks Psychiatric Hosp., 82 S.W.3d 381,
386 (Tex. App.CAustin 
2002,no pet.), overruled on other grounds by Binur v. Jacobo, 135
S.W.3d 646 (Tex. 2004) (explaining timing in retaliatory discharge is important
and retaliatory discharge may be based on immediacy of termination following
report).








Accordingly, we hold the trial court erred
in dismissing Patton=s claims based on HCCSCD=s plea to the
jurisdiction and no-evidence motions for summary judgment.  We therefore reverse and remand this cause to
the trial court for further proceedings consistent with this opinion.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 23, 2005.

Panel
consists of Justices Hudson, Frost, and Seymore.











[1]  Probation law
is codified in Texas as Acommunity supervision.@  Tex.
Code Crim. Proc. Ann. Art. 42.12 (Vernon Supp. 2004B05).





[2]  Direct
supervision requires the CSO to meet face-to-face with the probationer at least
once every three months.  HCCSCD receives
state funding based on its number of cases that are directly supervised.  No state funds are received for indirect
supervision cases.





[3]  HCCSCD=s argument on the merits that Patton has not proven a
good faith report of a violation of law is improper in a plea to
jurisdiction.  This is especially true
when HCCSCD agrees that Patton properly pled each of the Act=s requisite elements.





[4]  HCCSCD filed a
no-evidence motion for summary judgment and a supplemental motion for summary
judgment.  The supplemental motion is
argued solely on no-evidence grounds, and we review it together with HCCSCD=s initial no-evidence motion.





[5]  Although we focus our analysis on
Patton=s concern that the code of ethics
for probation officers was violated, Patton was also concerned that his CSO
violated the Texas Penal Code by falsifying a government document.  Tex.
Pen. Code Ann. ' 37.10 (Vernon Supp 2004B05).  While he knew falsifying a government
document violated Texas criminal law, Patton was unsure whether the monthly
report qualified as a government document for purposes of that statute.





[6]  CJAD wrote the
code, which  Amust be adopted and implemented by every Community
Supervision and Corrections Department in this State and by its officers and
employees@; HCCSCD reproduces the code of ethics in its human
resources manual.





[7]  If an employee
is fired within ninety days of his report, it is presumed under the
Whistleblower Act, subject to rebuttal, that causation is establishedCthat the disciplinary action would not have occurred
when it did if it were not for the employee=s
report.  Tex. Gov=t Code Ann. ' 554.004(a).





[8]  Patton=s burden is one of production, not of persuasionConce he raises more than a scintilla of evidence to
support the elements of his claim challenged by HCCSCD, a court may not grant
the no-evidence motion for summary judgment. 
See Alaniz, 165 S.W.3d at 12.





[9]  We note that
one court of appeals has addressed this issue and refused to consider evidence
propounded by a no-evidence summary judgment movant.  Brown v. Big D Transport., Inc., 45
S.W.3d 703, 705 (Tex. App.CEastland 2001, no pet.) (quoting Hight v. Dublin
Veterinary Clinic, 22 S.W.3d 614, 619 (Tex. App.CEastland 2000, pet. denied). 

But see, Cantu v. Texas Workforce Commission, 145
S.W.3d 236, 241 (Tex. App.CAustin 2004, no pet.) (setting out a burden-shifting
analysis in reviewing a no-evidence motion for summary judgment and finding
appellants did not establish prima facie case necessary to shift burden
back to no-evidence summary judgment movant, but also stating it was
unnecessary to proceed in the burden-shifting analysis because of this
failure).  To the extent Cantu
would permit a court of appeals to shift the burden of production between
parties to a no-evidence motion for summary judgment, we disagree.

Although Russo v. Smith Int=l, Inc. used
a burden-shifting analysis in a summary judgment context,  the motion granted in Russo was a
hybrid traditional/no-evidence motion for summary judgment that did not clearly
distinguish between the evidence, arguments and authorities supporting
each.  93 S.W.3d 428, 433 n.4 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  We therefore distinguish Russo=s analysis from the present case.